IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Orly TAITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 1:14-cv-00119 | |
| ) | |
| v. ) | |
| ) | |
| Jeh JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO RONALD ZERMENO

Defendants, by and through undersigned counsel, respectfully move this Court to issue an order quashing the subpoena issued on August 25, 2014 compelling Mr. Ronald Zermeno, who is an employee of U.S. Customs and Border Protection ("CBP"), to testify at a hearing in the above-captioned case in Brownsville, Texas on August 27, 2014. The subpoena to Mr. Zermeno does not comply with Rule 45's geographical limits because Mr. Zermeno is a California resident who does not wish to testify, never had any interactions with Plaintiff, and never waived the 100-mile rule.

Further, although Plaintiff sought issuance of the subpoena to Mr. Zermeno in his personal capacity, the subpoena seeks to compel him to testify and produce materials that are available to Mr. Zermeno only in his official capacity as an employee of CBP. Moreover, the information sought is likely protected, and potentially subject to privileges that belong to the Government, and which Mr. Zermeno, in his individual capacity, therefore has no authority to waive. As a result, this is a transparent – and inappropriate – attempt to evade the Federal Rules of Civil Procedure to seek testimony and evidence from a federal agency.

For all of these reasons Defendants seek to quash the subpoena issued to Mr. Zermeno. On August 26, 2014 at approximately 6:00 p.m. Central Daylight Time, the undersigned counsel contacted Plaintiff by phone to confer on this motion under Local Rule 7-1, and left a message requesting a return phone call. On August 27, 2014, the undersigned reached out to Plaintiff by email, and again by phone, and was able to reach Plaintiff at approximately 9:00 am Central Daylight Time. After the parties conferred on the issues raised in the motion, Plaintiff stated that she opposes this motion.

## I.  ARGUMENT

The Federal Rules of Civil Procedure place limits on the issuance of subpoenas. Rule 45(a)(2) directs that for attendance at a hearing or trial, a subpoena must issue "from the court for the district where the action is pending." Rule 45 also provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expenses on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Rule is unequivocal in stating that "[t]he court for the district where compliance is required *must enforce this duty* and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply. *Id*. (emphasis added).

Fed. R. Civ. P. 45(d)(3)(A) further directs the issuing court that it "must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

2

>> (iv) subjects a person to undue burden."

Fed. R. Civ. P. 45(d)(3)(A). And, Rule 45(c) instructs:

>> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>>
>>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>>>
>>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>>
>>>> (i) is a party or a party's officer; or
>>>>
>>>> (ii) is commanded to attend a trial and would not incur substantial expense.
>>
>> (2) *For Other Discovery.* A subpoena may command:
>>
>>> (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
>>>
>>> (B) inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45(c).

    **A.    The subpoena does not comply with Rule 45's geographical limits.**

The Court is holding a hearing on all pending motions – which comprises Defendants' request that the Court terminate the case – on August 27, 2014, in Brownsville, Texas. *See* ECF No. 23. Mr. Zermeno is a resident of California. *See* ECF No. 29 (listing the witnesses' home addresses). His title and Government address do not appear on the subpoena, and he is listed in his capacity as a Union official rather than as a Government employee, which is a clear indication that he has received the subpoena in his personal capacity. *See* ECF No. 29.

As a result, Federal Rule of Civil Procedure 45(c), including the 100-mile rule, expressly limits this Court's subpoena power over him. Although the Court considered the issue – the

3

Order directing issuance of the subpoenas states that none of the individuals to whom the Court issued subpoenas had objected – it appears to have done so based on false or inaccurate information from Plaintiff. *See* ECF No. 28 at 1 ("It is represented to the Court that none of the individuals . . . is objecting to the limitation found in Federal Rule of Civil Procedure 45(c)(1) . . . ."). As the attached declaration from Mr. Zermeno shows, Mr. Zermeno did not have any contact with Plaintiff (Dr. Taitz), did not receive information about the 100-mile rule, and never waived the application of the Rule. Declaration of Ronald Zermeno, Def. Exh. 1 at ¶¶ 4,5,7, Further, Mr. Zermeno expressly states that he does not wish to testify in this case. Thus, as the Rule requires, Defendants respectfully request that this Court quash Mr. Zermeno's subpoena as beyond the 100-mile limitation. *See In Re Vioxx Products Liability Litigation*, 483 F. Supp. 2d 664, 667 (E.D. La. 2013) ("[Former] Rule 45(c)(3)(A)(ii) mandates that a district court must quash a subpoena if it requires 'a person who is not a party or an officer of a party' to travel more than 100 miles from his residence or place of employment.").

### B. The subpoena to Mr. Zermeno seeks testimony from Mr. Zermeno in his official capacity and the production of materials that may be protected or subject to privileges that Mr. Zermeno, in his individual capacity, does not have the authority to waive.

A party may seek protection from a subpoena that requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii). As an initial matter, the Government seeks protection because the subpoena issued to Mr. Zermeno – and in fact the subpoenas issued to all four of the CBP employees – improperly seeks official Government information from an individual who is being subpoenaed in his individual capacity. Notably, in addition to seeking testimony, all four of the subpoenas issued by this Court direct the witnesses to provide "any and all documents relating to the order attached below." ECF No. 29 at 1, 5, 9, and 13. However, all of the knowledge or materials in Mr. Zermeno's possession relating to the subjects identified by

4

the Court and in the subpoena will almost certainly have been acquired by him in his official capacity as a CBP employee and not in his capacity as an individual. *See, e.g.* ECF No. 27 at 2 (seeking information related to the health conditions of the "illegal aliens" and "multiple individuals from hostile radical Muslim countries").

In effect, what Plaintiff is seeking is information that she wishes to obtain from the Government, but is unable to at this time because of the procedural limitations of the Federal Rules of Civil Procedure and the protections available to the Government to limit the dissemination of protected Government information. Indeed, Plaintiff essentially admits that she wishes to circumvent the agency's own authority to respond to requests for Government information. ECF No. 27 at 2. ("An emergency subpoena signed by this court . . . will allow the officers to overcome the gag order . . .). Plaintiff is thus attempting to bypass the Federal Rules of Civil Procedure, and other applicable laws governing litigation against government agencies, and obtain discovery that is neither timely nor appropriate. *See* Fed. R. Civ. P. 26(d). Therefore the Government asks that the subpoena against Mr. Zermeno be quashed to the extent that it seeks any information that Mr. Zermeno has obtained in his official, rather than individual, capacity.[1]

---

[1] The subpoenas issued to Gabriel Pacheco, James Harlan, and Chris Harris also are deficient to the extent that they seek to compel those individuals to testify regarding information that is only known to them in their official capacities, and seek the production, by them, of materials they have obtained only in their roles as CBP employees. At this time, Defendants have not received confirmation from these individuals, or from Plaintiff during the Rule 7-1 meet and confer, whether any of them will be present at the August 27, 2014 hearing, or whether any of them has (or had previously) consented to waive the 100-mile rule. For all of the reasons discussed herein, however, Defendants contend that if those individuals do attend the hearing and provide testimony, their testimony and any evidence they are allowed to provide should be limited to matters known to them in their individual capacities, and that they should be prevented from testifying regarding matters with which they are only familiar in their official capacities as employees of CBP.

It should also be noted that counsel for the Government filed a witness list for this hearing that included the names of three witnesses. ECF No. 26. As that document shows, the Government may call witnesses from CBP, U.S. Immigration and Customs Enforcement ("ICE"), and the U.S. Department of Health and Human Services Administration for Children and Families ("HHS ACF") at the August 27, 2014 hearing. *Id*. The designated official to give testimony for CBP is Kevin Oaks, Chief, Rio Grande Valley Sector, Border Patrol. *Id*. at 1. Therefore, to the extent the Court or Plaintiff wish to hear testimony from the Government agencies, the Government has designated witnesses who are able to speak on the issues identified by the Court.

The Government also seeks protection from these subpoenas to the extent they hinder the Government's ability to assert any privileges that apply to the testimony and materials sought by Plaintiff from these witnesses. By seeking this information from individuals who are not serving, for purposes of these subpoenas, in any official Government capacity, these subpoenas greatly impede the Government's ability to assess the information that Plaintiff is seeking, and to assert any privileges that might apply.

Because of the expedited time frame of this case, the late timing of Plaintiff's subpoenas, and the general nature of the information sought by the subpoenas, Defendants are not able to determine the full range of privileges that may apply. However, several categories of information sought under these subpoenas are highly likely to be subject to some form of Government privilege including: information relating to agency deliberations, and a wide range of information that could be subject to various law enforcement privileges. The law enforcement privilege, for example, "prevents the 'disclosure of law enforcement techniques and procedures, [preserves] the confidentiality of sources, [protects] witnesses and law enforcement personnel,

[safeguards] the privacy of individuals involved in an investigation, and otherwise [prevents] interference with an investigation." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 n. 1 (5th Cir.2006) (alterations in original) (citing *In re Dep't of Investigation*, 856 F.2d 481, 483–84 (2d Cir.1988)). The deliberative process privilege protects documents or other communications that are predecisional and deliberative, prepared to "assist an agency decision maker in arriving at his decision." *Renegotiation Board v. Grumman* Aircraft Eng'g Corp., 421 U.S. 168, 184 (1975).[2]

Plaintiff should not be permitted to get privileged Government information simply by issuing subpoenas to agency employees – who are not permitted to divulge official or privileged information – in their personal capacities. *See Overby v. U.S. Fidelity & Guar. Co.*, 224 F.2d 158, 163 (5th Cir. 1955) (quoting *United States v. Reynolds*, 345 U.S. 1, 7 (1953)) ("The privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party.").[3]

---

[2] To the extent individual matters fall within certain categories, immigration-related privacy protections also may exist. *See*, *e.g.*, 8 U.S.C. § 1367 (confidentiality under the Violence Against Women Act); 8 C.F.R. § 208.6 (generally prohibiting disclosure to third parties of information contained in or pertaining to asylum applications).

[3] The Government's ability to assert other protections over these documents may also be impeded if the information is sought from private individuals. For example, the Privacy Act of 1974, 5 U.S.C. § 552a(b), protects certain information related to individuals that is contained in Government records, and an agency is not permitted to disclose any information that has been retrieved from a protected record. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 517-19 (5th Cir. 2005). Employees of the Government face possible criminal penalties for disclosing information relating to citizens and permanent residents. *See* 5 U.S.C. § 552a(i)(1). In addition, health privacy statutes, such as the Health Insurance Portability and Accountability Act of 1996 (HIPAA) or other medically-related privacy laws may prohibit disclosure of health information by health care providers or others involved in health care. *See*, *e.g.*, 42 U.S.C. § 1395x(u) (defining "provider of services"); 1320d-6 (governing wrongful disclosure of individually identifiable health information).

## IV. CONCLUSION

WHEREFORE, Defendants request entry of an order quashing the subpoena of Ronald Zermeno.

Date: August 27, 2014

Respectfully submitted,

LEON FRESCO
Deputy Associate Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

COLIN A. KISOR
**Attorney-in-Charge**
Deputy Director, District Court Section
Office of Immigration Litigation

By: /s/ Sarah B. Fabian
SARAH B. FABIAN
Trial Attorney
District Court Section
Office of Immigration Litigation
Tel: (202) 532-4824
Sarah.B.Fabian@usdoj.gov
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 305-7000


DANIEL D. HU
Assistant United States Attorney
State Bar No. 10131415
S.D.I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX 77002
(713) 567-9000 (telephone)
(713) 718-3300 (FAX)
E-mail: Daniel.Hu@usdoj.gov

Local Counsel

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Sarah B. Fabian, do hereby certify that on August 27, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

By: /s/ Sarah B. Fabian<br>
SARAH B. FABIAN<br>
Trial Attorney<br>
District Court Section<br>
Office of Immigration Litigation