IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Orly TAITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:14-cv-00119 |
| | ) |
| v. | ) |
| | ) |
| Jeh JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANTS' SUPPLEMENTAL BRIEF</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT. ................................................................................................................................2

    I.      Standing is a preliminary question that this Court must resolve prior to allowing this lawsuit to continue any further. ......................................................................2

    II.     At minimum, Dr. Taitz's claims fail on the redressibility prong of the standing test ................................................................................................................................2

           A.    *This Court cannot award money damages.* .....................................................3

           B.    *The Government has not done anything unlawful with respect to the surge of unaccompanied alien children entering the United States* .......................3

           C.    *This Court cannot enjoin operation of the immigration laws or impose a judicial quarantine of arriving aliens* ............................................................4

CONCLUSION. .............................................................................................................................6

CERTIFICATE OF SERVICE

i

## CASES

*Cibolo Waste Inc. v. City of San Antonio*,
   718 F.3d 469 (5th Cir. 2013) ............................................................................ 2

*McNeil v. United States*,
   508 U.S. 106 (1993) .......................................................................................... 3

*Plyler v. Doe*,
   457 U.S. 202 (1982) .......................................................................................... 2

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ....................................................................................... 2, 3

*Zadvydas v. Davis,*
   533 U.S. 678 (2001) .......................................................................................... 2

## STATUES

8 U.S.C. § 1225(b) ................................................................................................... 4

8 U.S.C. § 1226 ........................................................................................................ 4

8 U.S.C. § 1226(e) ................................................................................................... 5

8 U.S.C. § 1252(a)(2)(A) ......................................................................................... 4

8 U.S.C. § 1252(f)(1) ........................................................................................... 1, 5

8 U.S.C. § 1182 ........................................................................................................ 5

8 U.S.C. § 1221 ........................................................................................................ 5

28 U.S.C. § 2675(a) ................................................................................................. 3

42 U.S.C. § 264 ........................................................................................................ 5

## RULES

Federal Rule of Civil Procedure 12(b) ................................................................... 6

**INTRODUCTION**

Despite the diffuse issues contained in Plaintiff's filings, including her supplemental brief (ECF No. 50), the only serious and substantive issue in this case does not concern the spread of the Ebola virus (ECF No. 50, at 21), the DACA program (ECF No. 40, at 11-13), the Government's alleged obstruction of justice, (ECF No. 40, at 7-8), any future "amnesty" for aliens present in the United States that Dr. Taitz believes might happen, (ECF No. 40. At 13; ECF No. 50 at 11), the RICO statute (ECF No. 40-1, at 2), or whether "it is widely believed that each District Court and each U.S. Attorney's office has individuals who are embedded in these offices and who are working for the NSA" in order to tamper with records (ECF No 40-1, at 11).  Rather, the only issue that this Court need examine in depth is whether or not Dr. Taitz's cough establishes standing sufficient to survive the Government's motion to dismiss.[1]  It does not, and cannot, because: (a) Dr. Taitz has not filed an administrative tort claim with any government agency (so she has not exhausted administrative remedies); (b) Dr. Taitz has not proffered facts to explain how the harm she suffered was attributable to unlawful conduct by the Defendants; and (c) federal law prohibits this Court from issuing the kind of injunction that Dr. Taitz requests in this case. *See* 8 U.S.C. § 1252(f)(1).  Accordingly, Dr. Taitz's case fails the standing test, because this Court cannot redress her alleged harm.

---

[1] This reply memorandum addresses the threshold issue of Dr. Taitz's lack of standing. Failure to address other arguments Dr. Taitz makes in her Supplemental Brief (ECF No. 50) should not be construed as a concession regarding the merits of those arguments. Rather, Defendants believe those arguments have already been adequately addressed in their Motion to Dismiss and at the two hearings held in this case.

**ARGUMENT**

I. **Standing is a preliminary question that this Court must resolve prior to allowing this lawsuit to continue any further.**

This Court must resolve the Article III standing issue prior to reaching the merits of Dr. Taitz's claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998). This Court is also required to determine whether or not Dr. Taitz has Article III standing, even before undertaking any analysis of whether Dr. Taitz has prudential standing. *See Cibolo Waste Inc. v. City of San Antonio*, 718 F.3d 469 (5th Cir. 2013). Based on all of the information adduced at the two hearings in this case, this Court must conclude that Dr. Taitz lacks standing to ask this Court to enjoin the lawful operation of the immigration laws or substitute this Court's judgment for that of the president and the federal agencies charges with administering the nation's immigration laws. *See generally Zadvydas v. Davis,* 533 U.S. 678, 695 (2001) (discussing Congress' plenary power to create immigration law, and judicial branch deference to executive and legislative branch decisionmaking in that area, subject to constitutional limitations.); *see also Plyler v. Doe*, 457 U.S. 202, 225 (1982) (noting that the obvious need for delicate policy judgments has counseled the Judicial Branch to avoid intrusion into the field fo immigration.)

II. **At minimum, Dr. Taitz's claims fail on the redressibility prong of the standing test.**

Even assuming -- and the Government does not concede this -- that Plaintiff has established that her cough is a sufficient and cognizable injury to a legally protected interest and that is somehow traceable to the Defendants (none of which has been shown by Dr. Taitz), Dr. Taitz has not, and cannot, show redressability. That is, she cannot

2

show "a likelihood that the requested relief will redress the alleged injury." *Steel Co.,* 523 U.S. at 103.

    A. *This Court cannot award damages.*

Because she has not filed an administrative tort claim, this Court cannot award Dr. Taitz the money damages she seeks. (ECF. No. 40-1, at 18-20 "requested relief" nos. 3,4, and 9). To the extent the First Amended Complaint (ECF No. 40) can be construed as permitting a Federal tort claim, a claimant "shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). This failure to exhaust administrative remedies is fatal to Plaintiff's tort claims for money damages, and requires their dismissal for lack of jurisdiction.

    B. *The Government has not done anything unlawful with respect to the surge of unaccompanied alien children entering the United States.*

Dr. Taitz chose not to testify under oath at either injunction hearing in this case. Nontheless, she now submits a declaration to this Court stating that "To the best of my knowledge I was infected with an upper respiratory disease from one of my patients, who was transported by the defendants and sent[2] to my office." (Declaration of Dr. Taitz, Exhibit 1, paragraph 6, ECF No. 50, at 32.) Although this is an untenable and absurd assertion of a chain of causation, even if it could be shown to be true it nonetheless fails on its face because it does not allege that the Government did anything unlawful in allowing this unidentified person into the United States or in transporting this unidentified patient to California. Nor did Dr. Taitz's cross examination of the Government witnesses at the August 27 or October 29 hearings reveal any hint of

---

[2] Dr. Taitz does not indicate that her patients were "sent" to her by Defendants.

3

unlawful activity by the Defendants.  Accordingly, because Dr. Taitz cannot plausibly show that her injury is fairly traceable to any unlawful conduct by the Government, this Court must conclude that she fails on the traceability prong of the standing test and dismiss this case.

> C. *This Court cannot enjoin operation of the immigration laws or impose a judicial quarantine of arriving aliens.*

Moreover, this Court cannot enjoin the operation of the immigration laws, and so cannot issue the injunctions Dr. Taitz requests: a stay of transportation of aliens, their quarantine, a quarantine or suspension of flights related to countries with Ebola cases, declaratory and injunctive relief relating to DACA, and a writ of mandamus ordering publication of *Flores v. Reno* compliance policies. (ECF No. 40-1 at 19-20.)  None of the detention statutes permit the type of judicial review Dr. Taitz appears to seek. To the extent the aliens of which Plaintiff complains were apprehended at the border, and to whom 8 U.S.C. § 1225(b) governs thiir detention, review is barred.  *See* 8 U.S.C. § 1252(a)(2)(A) (barring review relating to section 1225(b)(1).  Congress has also specifically limited judicial review of detention-related discretionary judgments, including the release of aliens when they are held subject to the other detention statute, 8 U.S.C. § 1226.  The Immigration and Nationality Act states:

> The [Secretary of Homeland Security's][3] discretionary judgment regarding the application of [Section 1226] shall not be subject to review.  No court may set aside any action or decision by the [Secretary of Homeland Security] under this section regarding the **detention or release of any alien** or the grant, revocation, or denial of bond or parole.

---

[3] Under the Homeland Security Act of 2002, Congress abolished the Immigration and Naturalization Service and transferred most of the former agency's functions to various components within the Department of Homeland Security.  *See generally* Pub. Law No. 107-269, 116 Stat. 2135 (Nov. 25, 2002).

8 U.S.C. § 1226(e) (emphasis added). Therefore, Plaintiff's attempt to seek review of the release of aliens must fail. Further, Congress has specifically limited immigration-related injunctive relief, stating:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.[4]

8 U.S.C. § 1252(f)(1). Thus, this Court may not review Defendants' exercises of discretion, impose a quarantine, enjoin decisions related to transportation of aliens, or otherwise enjoin the myriad processes of inspection, detention, release and removal implicated in this case.[5] The INA lays out a comprehensive scheme for the inspection, detention, processing, and removal of aliens. *See, e.g.*, 8 U.S.C. §§ 1182 (grounds of inadmissibility), 1225 (inspection of aliens and expedited removal), 1226 (detention of aliens pending removal), 1226a (terrorist aliens), 1229a (removal proceedings), 1252 (judicial review). The screening, processing, and transport of aliens of which Dr. Taitz complains all fit within these Congressionally mandated parameters and within Executive discretion. Because this Court cannot set aside this comprehensive statutory scheme and re-write the immigration laws in accordance with Dr. Taitz's preferences, and also cannot

---

[4] Part IV of the subchapter includes 8 U.S.C. §§ 1221 – 1232, which sections cover the inspection, apprehension, examination, exclusion, and removal of aliens. Thus, to the extent Plaintiff seeks to restrain alleged violations of section 1225 (inspection of aliens) or 1226 (apprehension and detention of aliens), jurisdiction is barred by statute.

[5] Under section 361 of the Public Health Service Act, codified at 42 U.S.C. § 264, the Secretary of Health and Human Services is authorized to take measures to prevent the entry and spread of certain communicable diseases from foreign countries into the United States and between states. Executive Order 13295, as amended July 31, 2014, lists quarantinable communicable diseases (cholera, diphtheria, infection tuberculosis, plague, smallpox, yellow fever, viral hemorrhagic fever, severe acute respiratory syndromes, and pandemic flu.) The FAC seeks relief for some diseases -- including Plaintiff's respiratory ailment -- that are not quarantinable.

(at this point) award money damages, this case fails on the redressibility prong of the standing test.

## CONCLUSION

Dr. Taitz has had her day(s) in court, and has presented this Court with all of the evidence she is able to muster, and still has fallen far short of demonstrating the requisite standing requirements. Based upon the evidence presented by the parties in their filings and at the August 27, 2014, and October 29, 2014 hearings, this Court must dismiss this action under Federal Rule of Civil Procedure 12(b).

Respectfully submitted,

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I, Colin Kisor, do hereby certify that on November 13, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants