IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Orly TAITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:14-cv-00119 |
| | ) | |
| v. | ) | |
| | ) | |
| Jeh JOHNSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION**

# TABLE OF CONTENTS

INTRODUCTION. .......... 1

ARGUMENT. .......... 2

I. Dr. Taitz lacks standing to seek an injunction of the November 2014 guidance memoranda. .......... 2

II. Dr. Taitz is not entitled to relief on claims not properly before the Court, including claims that are beyond the scope of Dr. Taitz's First Amended Complaint. .......... 4

CONCLUSION. .......... 6

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

## CASES

*Az. Christian Sch. Tuition Org. v. Winn*,
131 S. Ct. 1436 (2011) ........ 2

*Cutrera v. Bd. of Sup'rs of LSU*,
429 F.3d 108 (5th Cir. 2005) ........ 4

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ........ 2, 3

*De Beers Consol. Mines, Ltd. v. United States*,
325 U.S. 212 (1945) ........ 5

*Denman v. Wells Fargo Bank*,
No. SA-13-cv-11-XR, 2013 WL 1866580 (E.D. Tex. May 2, 2013) ........ 4

*Devose v. Herrington*,
42 F.3d 470 (8th Cir. 1994) ........ 4

*Gregory v. Mitchell*,
634 F.2d 199 (5th Cir. 1981) ........ 5

*Hazel v. Bell*,
No. 9:08-cv-216, 2009 WL 2163460 (E.D. Tex. July 16, 2009) ........ 4

*Hein v. Freedom From Religion Foundation, Inc.*,
551 U.S. 587 (2007) ........ 3

*Kaimowitz v. Orlando, Fla.*,
122 F.3d 41 (11th Cir. 1997) ........ 5

*Lance v. Coffman*,
549 U.S. 437 (2007) ........ 3

*Sadowski v. Bush*,
293 F. Supp. 2d 15 (D.D.C. 2003) ........ 4

*Saucedo-Falls v. Kunkle*,
299 F. App'x 315 (5th Cir. 2008) ........ 4

*United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x. 521 (5th Cir. 2012) ........ 5

*Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464 (1982) ........ 2, 3

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8 ........ 6

Fed. R. Civ. P. 15 ........ 6

Fed. R. Civ. P. 12(b) ........ 8

**INTRODUCTION**

Defendants hereby submit this opposition to Dr. Taitz's latest Supplemental Motion (ECF No 52). Notwithstanding this Court's clear warning in August 2014 that this lawsuit is not a vehicle to resolve political issues, Dr. Taitz's Supplemental Motion raises non-justiciable issues for which she has no standing to sue. *See* Tr. of August 27, 2014 hr'g (Aug. 27 Tr.) at 3. For that reason, along with other legal infirmities, this Court should deny Dr. Taitz's Supplemental Motion.

Dr. Taitz's recent motion challenges immigration-related guidance memoranda issued by DHS on November 20, 2014, although Dr. Taitz incorrectly describes the guidance memoranda as an "Executive Order," which it is not. As with her previous claims, Dr. Taitz lacks standing to challenge the guidance memoranda. *See generally* Defendants' Supplemental Brief, ECF No. 51. Indeed, Dr. Taitz expressly asserts "taxpayer status standing" to raise her new challenge, despite the Supreme Court's repeated rejection of taxpayer status as a basis for Article III injury.

Equally fatal to Dr. Taitz's Supplemental Motion is the fact that it seeks relief based on actions that had not yet taken place when Plaintiff filed her First Amended Complaint, ECF No. 40. The guidance memoranda were issued over two months after Plaintiff's filing of the First Amended Complaint. Therefore, because the subject of Dr. Taitz's Supplemental Motion is not properly before the Court in the context of the First Amended Complaint., it is not an appropriate subject for emergency relief. Moreover, it is axiomatic that a plaintiff cannot amend a complaint to add a new cause of action via a supplemental motion. Nor is this a circumstance where this Court should permit further

amendment of the Complaint; amendment would be futile in light of Dr. Taitz's lack of standing.[1]

Accordingly, and for the reasons submitted to this Court in the government's previous filings, this Court should strike the Supplemental Motion and should dismiss the entirety of this case with prejudice.

**ARGUMENT**

**I. Dr. Taitz lacks standing to seek an injunction of the November 2014 guidance memoranda.**

In her Supplemental Motion, Dr. Taitz bases her standing on her "taxpayer status." (ECF No. 52 at 4). However, "[a]bsent special circumstances . . . standing cannot be based on a plaintiff's mere status as a taxpayer." *Az. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011). The Supreme Court has repeatedly rejected attempts by plaintiffs to assert standing to object to a particular expenditure of federal funds simply because they are taxpayers, in light of the layers of "economic and political speculation" required to tie a governmental policy or expenditure to an actual cost or benefit to a particular taxpayer. *See id.* at 1443-44; *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 476-77 (1982).

Standing for Dr. Taitz also is lacking because Article III's requirement that a plaintiff suffer concrete and particularized harm. Her speculation that the immigration-related policies will lead to increased spending, even if it true, would suggest only "that

[1] This opposition to Dr. Taitz's new motion addresses the threshold deficiencies presented by the filing. The government does not here address the merits of Dr. Taitz's new claim because this claim is not properly before the Court and because this Court lacks jurisdiction to decide the claim.

[s]he suffers in some indefinite way in common with people generally." *DaimlerChrysler*, 547 U.S. at 345 (internal quotations omitted); *see Hein v. Freedom From Religion Foundation, Inc*., 551 U.S. 587, 599 (2007) ("As a general matter, the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing."); *id*. at 609 ("It is significant that, in the four decades since its creation, the *Flast* exception has been confined to its facts."). Underscoring the generalized nature of the purported harm, Dr. Taitz asserts that "if the current executive order is not stayed, it will cause irreparable harm to the plaintiff and similarly situated taxpayers in the form of a complete collapse of the US economy and bankrupting of the US treasury."[2] (ECF No. 52 at 4).

This claim of taxpayer harm is the type of generalized grievance that is most appropriately addressed in the representative branches of government, as opposed to litigation by individuals in federal court. *See Valley Forge*, 454 U.S. at 475; *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("'[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in [the] proper application of the Constitution and laws, and seeking relief that no more directly [or] tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'") (citation omitted). Indeed, as this Court explained during the hearing on August 27, 2014: "I'm not here to resolve any kind of immigration

[2] Dr. Taitz's Motion also asserts in passing that there will be "more crime and more infectious diseases" as a result of a "reinvigorated stampede of immigration." Pl.'s Mot. at 13. However, Dr. Taitz does not link that alleged harm to the guidance memoranda in question. In addition, that assertion is pure speculation that lacks any direct connection to any imminent harm that is likely to befall Dr. Taitz, let alone one justifying the extraordinary remedy that she requests.

crisis, to resolve any kind of political question, to resolve any kind of issue of border security . . . that's not before the Court." (Aug. 27 Tr. at 3:13-16).[3] That position is consistent with the holdings of other courts, which have recognized that similar complaints about immigration enforcement are precisely the type of generalized grievances that Article III does not permit. *See, e.g.*, *Sadowski v. Bush*, 293 F. Supp. 2d 15, 18-19 (D.D.C. 2003) ("[T]he plaintiff has failed to allege any personal injury that he has suffered, actual or imminent as a result of the alleged failure of the defendants to enforce the immigration laws.").

## II. Dr. Taitz is not entitled to relief on claims not properly before the Court, including claims that are beyond the scope of Dr. Taitz's First Amended Complaint.

Dr. Taitz's allegations regarding the guidance memoranda issued by DHS on November 20, 2014 – approximately two months after the filing of the First Amended Complaint – are not properly before the Court because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Hazel v. Bell*, No. 9:08-cv-216, 2009 WL 2163460, at *3 (E.D. Tex. July 16, 2009) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see Denman v. Wells Fargo Bank*, No. SA-13-cv-11-XR, 2013 WL 1866580, at *2 (E.D. Tex. May 2, 2013) (request for injunctive relief must be dismissed unless it is supported by a viable claim); *cf. Saucedo-Falls v. Kunkle*, 299 F. App'x 315, 324 & n.43 (5th Cir. 2008) (rejecting claims raised outside of the pleadings and citing *Cutrera v. Bd. of Sup'rs of LSU*, 429 F.3d 108, 113 (5th Cir. 2005)). Plaintiff

[3] *See also* Aug. 27 Tr. at 166-68 (statements by Court that "I'm not trying the whole immigration system," and otherwise emphasizing the necessity for Dr. Taitz to show an individualized harm).

has not done so here. Nor is the principal relief requested in the Supplemental Motion – production of a non-existent "executive order" and adjudication of the constitutionality of the purported executive order, *see* ECF No. 52 at 2, 3 – available absent proper pleading, because injunctions should not issue that are "not of the same character" and that "deal[] with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945), which observed that a preliminary injunction is appropriate to protect the availability of relief "of the same character as that which may be granted finally").

Moreover, it is axiomatic that a plaintiff may add a new cause of action in a case only by filing an amended complaint, not by shoehorning a new claim into a supplemental motion or other filing. *See generally* Fed. R. Civ. P. 8, 15; *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x. 521 (5th Cir. 2012). The operative document in this case is Dr. Taitz's First Amended Complaint (ECF No. 40) filed on September 11, 2014, and it simply does not, and could not, challenge the guidance memoranda that were issued over two months later, on November 20, 2014.

Although Dr. Taitz could seek leave of this Court to file a Second Amended Complaint to bring a new cause of action related to the November 20, 2014 guidance memoranda, any effort to do so would be futile because she clearly fails to satisfy the requirements for standing. *See generally Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) (noting that a district court may deny a plaintiff leave to amend a complaint where amendment would be futile). In addition, the underlying premise of Dr. Taitz's request for relief in her Supplemental Motion is entirely baseless. Plaintiff asserts, without

citation, that during the President's November 20, 2014, televised address, he announced that he had "issued an executive order" relating to the aforementioned immigration policies. (ECF No. 52 at 2). Plaintiff then states that this "executive order" is nowhere to be found and asks this Court to compel its production. In reality, the deferred action guidance discussed in Plaintiff's motion is set forth in memoranda issued by the Secretary of Homeland Security, not an Executive Order. *See generally* Fixing Our Broken Immigration System Through Executive Action – Key Facts, Dep't of Homeland Sec., *available at* http://www.dhs.gov/immigration-action. And the Court can take judicial notice of the fact that no "executive order" was announced during the President's address, without entertaining Dr. Taitz's erroneous assertions. *See* http://www.whitehouse.gov/the-press-office/2014/11/20/remarks-president-address-nation-immigration.

**CONCLUSION**

This Court should strike Dr. Taitz's Supplemental Motion (ECF No. 52). Further, based upon the evidence and arguments presented by the parties in their filings and at the August 27, 2014, and October 29, 2014 hearings, this Court should dismiss this action under Federal Rule of Civil Procedure 12(b).

Respectfully submitted,

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I, Colin Kisor, do hereby certify that on December 16, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants