DR. ORLY TAITZ, ESQ

29839 SANTA MARGARITA, STE 100

RANCHO SANTA MARGARITA, CA 92688

PH 949-683-5411 FAX 949-766-7687



United States District Court
Southern District of Texas
FILED

MAR 3 0 2015

David J. Bradley, Clerk of Court

US DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TAITZ, | ) | Case # 14-cv-00119 |
| V | ) | HONORABLE ANDREW S. HANEN PRESIDING |
| JOHNSON, ET AL | ) | |

## MOTION TO TRANSFER OR CONSOLIDATE OR FOR A LEAVE OF COURT TO FILE AN AMENDED COMPLAINT DUE TO ADDITIONAL NEW FACTS

Plaintiff is seeking to transfer or alternatively to consolidate case 14-cv-119 and 15-cv-54. Alternatively, the plaintiff is seeking a leave of court to amend her complaint in 14-cv-119 adding new, additional facts contained in case 15-cv-54 to case 14-cv-119.

## ARGUMENT

1

The case at hand, Taitz v Johnson 14-cv-119, is in the early state. So far, there was a 12b6 Motion to dismiss filed by the defense and there was no adjudication yet.

Plaintiff filed a related case 15-cv-54, which was assigned to Judge Tagle. Plaintiff filed a motion to transfer the case to this court due to the fact that this court has a related case. Exhibit 1

Plaintiff received an order by Judge Tagle, stating that such motion should be filed with the court handling the older case, namely this court. Exhibit 2 Order by Judge Tagle. For this reason, Plaintiff is filing this Motion to Transfer with this court.

Plaintiff is attaching a proposed order per Local Rule 7.1C

Under Local Rule 7.1D Plaintiff contacted the lead Attorney for the defense in this case, Assistant US Attorney, Mr. Colin Kisor, however she did not hear from him back yet.

Transfer of cases to a judge, who is already reviewing a related case, is favored:

**In re Hurricane Rita Evacuation Bus Fire**

District Court of Texas, Hidalgo County March 06, 2006 2006 WL 6307840 No. 05-1073.
JUSTICE PEEPLES delivered the opinion for a unanimous Multidistrict Litigation Panel Before us is a motion to appoint a pretrial judge for eight lawsuits, pending in two counties, which...
...Administrative rule 13 empowers the MDL Panel to transfer related cases (i.e. those single pretrial court for coordinated pretrial handling....
...It requires only that cases be "related"--i.e. that they involve one or more common questions of fact- and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation....
...Because these criteria are overwhelmingly shown in this group of lawsuits arising from the same event, the Motion to Transfer is granted....
**...Instead we must simply be convinced that transfer to a pretrial judge would promote Rule 13's goals of convenience and efficiency....** emphasis added


**Adaptix, Inc. v. HTC Corp.**

2

United States District Court, E.D. Texas, Tyler Division. March 28, 2013 937 F.Supp.2d 867 2013 WL 1314413 6:12-CV-121
PATENTS - Venue. Venue transfer was warranted in patent infringement action.
...Motions to transfer venue are to be decided based on the situation which existed when suit was instituted; while considerations of judicial economy arising after the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed.   28 U.S.C.A. §  1404(a)....
... "While considerations of judicial economy arising after the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed."   ...
...Id. "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue."   ...
...A district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue.   28 U.S.C.A. §  1404(a)....


In re Antibiotic Drugs

Judicial Panel on Multidistrict Litigation. December 02, 1970 320 F.Supp. 586 1971 Trade Cases P 73,398 10
Proceeding on motion for transfer of certain related civil antitrust actions to another district. The Judicial Panel on Multidistrict Litigation held that where more than 150 related civil antitrust actions had been transferred to the Southern District of New York before a single judge for coordinated pretrial proceedings

 LRCiv 42.1    Transfer of Cases;  Filing of Motions to Transfer or Consolidate;  Responsive and Reply Memoranda;  Assignment

AZ R USDCT LRCiv 42.1 Arizona Federal Court Rules United States District Court for the District of Arizona


... When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases:  (1) arise from substantially the same

3

**transaction or event;  (2) involve substantially the same parties or property;  (3) involve the same patent, trademark, or copyright;  (4) call for determination of substantially the same questions of law;  or (5) for any other reason would entail substantial duplication of labor if heard by different Judges...**

Such transfers are favored under Texas law as well:

## NOT JUST FOR TOXIC TORT CASES

Texas Bar Journal February, 2008 71 Tex. B.J. 98 Lynne Liberato , Laurie Ratliff
You have related cases in three Texas trial courts and are fighting battles on all fronts. In one court, the judge granted a partial motion for summary judgment that another judge denied. Elsewhere, a deposition is scheduled that you got quashed in another proceeding. You are sending out and answering multiple sets of interrogatories and requests...
.... Rule 13.2(b); In re Cano Petroleum, Inc., No. 07-0593 (Tex. M.D.L. Panel Jan. 2, 2008) (regional administrative presiding judge filed a letter with the MDL Panel on behalf of himself and the relevant district judges in support of the motion to transfer)....
**...The new Rule 13 eases the burden to establish a transfer and broadens the applicability of pretrial transfers by modifying the requirements to obtain a transfer....** emphasis added

## SOUTHTRUST BANK, N. A., Plaintiff, v. MONASOPHIA USA, INC. dba Cada Dia Supermarket and Washateria, Hissam Siddiqi, Ahmad Hassan, Riaz A. Bhatti and Shahid Munir, Defendants.

District Court of Texas, Harris County December 01, 2000 2000 WL 35532417
No. 2000-14586.
..**IT IS THEREFORE ORDERED, ADJUDICATED AND DECREED that the following cases involve common questions of law and fact, i e that the transfer and consolidation of these cases will eliminate a multiplicity of suits, minimize the expense of litigation, and speed the disposition of actions 1....**

Additionally, Rule 42(a), F.R.Civ.P. authorizes the Court to consolidate actions pending before the Court when they involve a common question of law or fact. The decision to consolidate such actions is within the discretion of the trial court. See Plough v. Baltimore & O.R.R. Co., 172 F.2d 396 (2d Cir.), cert. denied, 337 U.S. 940, 69 S.Ct. 1518, 93 L.Ed. 1745 (1949); Rando v. Luckenbach Steamship Co., Inc., 155 F.Supp. 220 (E.D.N.Y.1957).

Both cases relate to damages suffered by the plaintiff due to actions by the defendants. Defendants are engaged in catch and release policies in relation to thousands of illegal aliens. In case 14-cv-0119 plaintiff sought a stay of such release policies, as those caused danger to public health, spread of infectious diseases and enormous financial damages to American taxpayers and workers. Plaintiff sought a relief not only for her, but also she sought a class certification for a class of affected individuals.

Recently, plaintiff found out that the same defendants are joined by additional defendants, namely, Acting Commissioner of Social Security and Commissioner of IRS and cause additional damages to the plaintiff and other victims.

Plaintiff received a letter from the IRS, stating that there was an identity theft in her IRS account. When Plaintiff requested a copy of the fraudulent tax return and fraudulent request for a refund, filed under her name and Social Security number

by an identity thief, IRS refused to provide her the copy of the documents in question, which allows the identity thief to continue to engage in the theft of her ID and her Social Security number without any impunity. Additionally, recent media reports state that the US Attorneys' offices routinely refuse to prosecute illegal aliens who are engaged in identity theft and are using Social Security numbers of the US citizens. Further, recently, Inspector General of the Social Security Administration issued a report (attached to the complaint in 15-cv-54), which showed that there are 6.5 million active Social Security numbers of individuals of 112 years old and older. In reality, there are only 40 such individuals alive around the world. It means that all or nearly all of 6.5 million of these Socials Security numbers are being fraudulently used, many of them by illegal aliens, who are released from DHS custody and told to show up for their deportation hearings 3-5 years from now. 90% of them never show up for those hearings. Even if they show up, for at least 3-5 years they need Social Security numbers to work and obtain benefits and many resort to identity theft, specifically theft of Social Security numbers of both deceased and live US citizens. Often, US citizens, like plaintiff, become victims of identity theft. Due to the fact that the two cases are intertwined, so closely related, the court should either consolidate the cases or allow the plaintiff to file a second amended complaint in this case at hand and include new

additional facts. Furthermore, this consolidation or second amended complaint would provide a comprehensive resolution of underlying issues.

Analysis in relation to motion to amend:

<u>Federal Rule of Civil Procedure 15</u> governs amendments to pleadings and provides, in part:
A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

<u>Fed.R.Civ.P. 15(a)</u>. The Supreme Court explained the term "freely given" as follows:
In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

<u>Foman v. Davis, 371 U.S. 178, 182 (1962)</u>. Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *See id.* The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See* <u>Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir.1990)</u>.

## CONCLUSION
Based on all of the above motion at hand should be granted.

Signed _____

Dated    03.27.2015

7

## CERTIFICATE OF SERVICE

I, Lila Dubert, attest that I served a copy of the attached pleadings by first class mail on 03.27.2015 on Assistant US Attorney Colin Kisor

_____
Signed Lila Dubert
Dated 03.27.2015

Proposed order

US DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TAITZ, | ) | Case # 14-cv-00119 |
| V | ) | HONORABLE ANDREW S. HANEN PRESIDING |
| JOHNSON, ET AL | ) | |

ORDER

MOTION TO TRANSFER OR CONSOLIDATE OR FOR A LEAVE OF COURT TO FILE AN AMENDED COMPLAINT DUE TO ADDITIONAL NEW FACTS IS GRANTED

**Signed** _____

__Dated_____