IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Orly TAITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:14-cv-00119 |
| | ) |
| v. | ) |
| | ) |
| Jeh JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER OR
CONSOLIDATE OR FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION. ........................................................................................................... 1

ARGUMENT. ................................................................................................................... 2

    I.     Plaintiff has not served her new case (Case No 15-cv-00054) on the United States Attorney, and Defendants do not waive proper service. ............................... 2

    II.    This Court should deny Plaintiff's motion to consolidate Case No. 15-cv-00054 with the present case (Case No.14-cv-00119) and should likewise deny Plaintiff leave to amend the Complaint in the present case (Case No. 14-cv-00019) to incorporate the new claims contained in her filing in Case No. 15-cv-00054 into this case because amendment in the present case would be futile and Plaintiff lacks standing for the claims in her new filing. ........................................................ 2

    III.   Defendants take no position on Plaintiff's motion to transfer Plaintiff's new case (Case no. 15-cv-00054) from the Honorable Judge Tagle to the Honorable Judge Hanen………………………………………………………………...….4

CONCLUSION. ................................................................................................................ 4

CERTIFICATE OF SERVICE

i

## TABLE OF AUTHORITIES
## CASES

*Craneet al. v. Johnson et al*, No. 14-10049 (5th Cir. Apr. 7, 2015) ................................. 3

*Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) .............................................................. 3

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 4 .............................................................................. passim

Federal Rule of Civil Procedure 42 ............................................................................ passim

**INTRODUCTION**

Subject to and without waiving any Federal Rule of Civil Procedure 12 defenses in *Taitz v. Koskinen*, 15-cv-00054, Defendants hereby submit this opposition to Plaintiff Dr. Orly Taitz's motion to consolidate her new filing, ECF No. 1, Case No. 15-cv-00054, with this case.[1]  First, Dr. Taitz's new filing, which expressly does not purport to be a complaint, indicates that Dr. Taitz "intends to submit a full complaint at a later date." (Case No. 15-cv-00054, ECF No. 1, at 2.)  But the two cases do not (regardless of Dr. Taitz's assertions) contain common questions of law or fact within the meaning of Federal Rule of Civil Procedure 42(a), apart from the threshold question of whether Dr. Taitz has standing to bring either case.

Nor is this a circumstance where this Court should permit further amendment of the Complaint in the presentcase to include the claims contained in Dr. Taitz's new filing in Case No. 15-cv-00054, because amendment to include these claims in the present case would be futile inasmuch as Dr. Taitz lacks standing to bring them.[2]

The United States takes no position on Dr. Taitz's motion to transfer Case No. 15-cv-00054 from the Honorable Judge Tagle to the Honorable Judge Hanen.

---

[1] Pursuant to Local Rule 7.6(B), a courtesy copy of this filing will be delivered to Judge Tagle's chambers.

[2] This opposition to Dr. Taitz's motion addresses only the motion, ECF No 61. The Government does not here address the merits of Dr. Taitz's new filing, ECF No. 1, case No. 15-cv-00054, because that filing has not been served on the United Sates Attorneys' Office and the Government does not waive service under Federal Rule of Civil Procedure 4(i).

1

# ARGUMENT

I. **Plaintiff has not served her new case (Case No. 15-cv-00054) on the United States Attorney for the Southern District of Texas, and Defendants do not waive proper service.**

Dr. Taitz has not served the United States Attorney's Office with a copy of her "Petition for Stay/Motion for Injunction" (Case No. 15-cv-00054, ECF No. 1). Federal Rule of Civil Procedure 4(i) explains how to serve the United States or its agencies or employees. The United States Attorney's Office does not waive service under Federal Rule of Civil Procedure 4(i)(1)(a)(i), and accordingly will not enter an appearance in 15-cv-00054 until proper service has been effectuated under Federal Rule of Civil Procedure 4(i)(1)(A)(i).[3]

II. **This Court should deny Plaintiff's motion to consolidate Case Number 15-cv-00054 with the present case. (Case No. 14-cv-00119_ and should likewise deny Plaintiff leave to amend the Complaint in this case (Case No. 14-cv-00019) to incorporate the new claims contained in Case No. 15-cv-00054 into this case because amendment in this present case would be futile and Plaintiff lacks standing for the claims in her new filing.**

Dr. Taitz's new filing contains claims that President Obama uses various aliases and a stolen social security number and has a policy of "non prosecution of identity theft and such policies encourage identity theft" (Case No. 15-cv-00054, ECF No. 1 at 6), as well as that USCIS grants "bogus asylum claims." (*Id*. at 34). She also seeks to certify a class. (*Id*. at 36.) She requests various forms of relief including that this Court order the "turnaround and fast track deportation of thousands of illegal aliens" (*id*. at 57); that this

---

[3] The Office of Immigration Litigation received a copy of this filing by certified mail on April 10, 2015, which satisfies serving the Attorney General under Federal Rule of Civil Procedure 4(i)(1)(B), but does not cure Dr. Taitz's deficiency under Federal Rule of Civil Procedure 4(i)(1)(A)(i).

2

Court order the production for *in camera* inspection of "copies of all paper applications to SSN of individuals born 120 years ago and earlier" (*id*. at 56); that this Court undertake an investigation of Barak Obama's identity, (*id*. at 57); and this Court "forward information presented herein" to the Federal Grand Jury, (*id* at 58).

Under Federal Rule of Civil Procedure 42(a) a court may consolidate cases if they involve common questions of law or fact.  This case involves, at its core, based on Plaintiff's own allegations and assertions, the issue of whether Dr. Taitz received an unspecified disease that has a cough as a symptom from an unidentified illegal alien who may have crossed the United States' southern border.  This case also involves claims related to the 2012 DACA program and whether this Court should seal the nation's borders because of the threat of Ebola.  But this case does not involve the President's identity, anyone's identity theft, Social Security fraud, or bogus asylum claims, so there are no common questions of law or fact justifying consolidation of the two cases.  Accordingly, this Court should deny the motion.  *See* Fed. R. Civ. P. 42(a).[4]

Dr. Taitz seeks (as alternate relief) leave of this Court to file an Amended Complaint "due to additional new facts."  ( Case No 14-cv-00119, ECF No. 61 at 1).  But amendment along these lines would be futile because -- as with her other claims -- she utterly fails to satisfy the requirements for standing.  *See generally Crane v. Johnson,* No. 14-10049  (5th Cir. Apr. 7, 2015) (holding that neither ICE Agents nor the state of Mississippi has established standing to challenge DACA program); *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) (noting that a district court may deny a plaintiff leave to

---

[4] Alternatively, this Court could grant Plaintiff's motion to consolidate Case No. 15-cv-00054 with this case, Case No. 14-cv-00119, and then dismiss the consolidated case in its entirety.  *See* Fed. R. Civ. P. 42(a)(3).

3

amend a complaint where amendment would be futile). Accordingly, this Court should deny Dr. Taitz's motion for leave to amend.

### III. Defendants take no position on Plaintiff's motion to transfer 15-cv-00054 from the Honorable Judge Tagle to the Honorable Judge Hanen.

Dr. Taitz seeks to transfer her new filing (Case No. 15-cv-00054), presently assigned to Judge Tagle, to this Court. Absent unusual circumstances, the United States generally takes no position on which Federal District Judge within any judicial district hears any particular case, as that is a matter under the cognizance of the judiciary. No unusual circumstances exist here, and the United States leaves that decision to the Court.

### CONCLUSION

This Court should deny Plaintiff's Motion to consolidate her new filing in Case No 15-cv-00054 into this case (Case No. 14-cv-00119), and should also deny Plaintiff's motion to amend her complaint in the present case to include the claims in her new filing.

Respectfully submitted,

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants

5

## CERTIFICATE OF SERVICE

I, Colin Kisor, do hereby certify that on April 14, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Colin A. Kisor
COLIN A. KISOR
Deputy Director
District Court Section
Office of Immigration Litigation
Civil Division,
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Telephone: (202) 532-4331
Fax: (202) 305-7000
E-mail: colin.kisor@usdoj.gov

Counsel for Defendants
