US DISTRICT COURT



SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TAITZ, | ) | Case # 14-cv-00119 |
| V | ) | HONORABLE ANDREW S. HANEN PRESIDING |
| JOHNSON, ET AL | ) | |

# REPLY IN SUPPORT OF MOTION TO TRANSFER OR TO CONSOLIDATE OR FOR LEAVE OF COURT TO FILE A SECOND AMENDED COMPLAINT

## I. DEFENSE DOES NOT OPPOSE TRANSFER OF 15-CV-54 TO JUDGE HANEN

Taitz sought to transfer case 15-cv-54 to Judge Hanen, due to the fact that 15-cv-54 and this case are related, there is the same plaintiff and there are the same defendants. Additionally, Judge Hanen is currently handling a related case Texas v US 14-cv-254. Judge Tagle did not oppose.

In their response defense writes: " Defendants take no position on Plaintiff's motion to transfer 15-cv-00054 from the Honorable Judge Tagle to the Honorable Judge Hanen.

Dr. Taitz seeks to transfer her new filing (Case No. 15-cv-00054), presently assigned to Judge Tagle, to this Court. Absent unusual circumstances, the United States generally takes no position on which Federal District Judge within any judicial district hears any particular case, as that is a matter under the cognizance

of the judiciary. No unusual circumstances exist here, and the United States leaves that decision to the Court."

As such, as the defense did not oppose, and in the interest of judicial economy and convenience of both the plaintiff, dependence and the court, transfer to Judge Hanen should be allowed.

## II. DEFENSE CONCEDES THAT THIS COURT CAN CONSOLIDATE 15-CV-54 AND THE CASE AT HAND

Alternatively and/or additionally to transfer Taitz sought consolidation of 15-cv-54 and the case at hand, and Judge Tagle left the issue of consolidation to this court, noting that it is up to the court where the earlier case is filed, meaning up to Judge Hanen.

In their response defense writes: "4. Alternatively, this Court could grant Plaintiff's motion to consolidate Case No. 15-cv- 00054 with this case, Case No. 14-cv-00119, and then dismiss the consolidated case in its entirety. See Fed. R. Civ. P. 42(a)(3)."

So, based on their response defense concedes that this court can consolidate case 15-cv-54 and this case 14-cv-119.

## III. THERE IS GOOD CAUSE TO ALLOW PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT in the case at hand.

**Federal Rules of Civil procedure dictate that request to amend should be given freely:**

**Rule 15. Amended and Supplemental Pleadings**

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires. (emphasys added)**.

**Notes of Advisory Committee on Rules—1963 Amendment:**

"Under the amendment the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective. As in other situations where a supplemental pleading is offered, the court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms. The amendment does not attempt to deal with such questions as the relation of the statute of limitations to supplemental pleadings, the operation of the doctrine of laches, or the availability of other defenses. All these questions are for decision in accordance with the principles applicable to supplemental pleadings generally. Cf. *Blau v. Lamb*, 191 F.Supp. 906 (S.D.N.Y. 1961); *Lendonsol Amusement Corp. v. B. & Q. Assoc., Inc.*, 23 F.R.Serv. 15d. 3, Case 1 (D.Mass. 1957)."

In the case at hand defense did not file their answer yet. Defense only filed their 12b(6) motion, which was not adjudicated yet. Defense will not be prejudiced by the leave of court allowing filing of the second amended complaint.

Interests of justice dictate that leave of court to file second amended complaint should be granted as Taitz uncovered new facts that bear on the case and provide additional standing and additional evidence to rule in favor of the plaintiff.

Plaintiff argues that she was harmed by the defendants violations of the existing immigration laws and by the defendants failure to apply existing immigration laws.

a. In the motion at hand and a notice of additional facts (ECF DN 62 filed 04.10.2015) plaintiff provides evidence, official records showing that defendants are intentionally and maliciously violating immigration laws in releasing illegal aliens with contagious diseases of public significance into the general population, which is a direct threat to the plaintiff, who is a doctor working with immigrants, and to similarly situated individuals, who will comprise a class of plaintiffs, should the court grant class certification. This evidence shows that this is a damage which

is capable of repetition, yet evading review and it strengthens not only the merits of the case, but also standing under *Roe v Wade* 410 U.S. 113 (1973). So, under Rule 15, the leave to amend should be granted as it will serve justice and cure defect in the original complaint if standing defect indeed exists as defense claims.

b. In 15-cv-54 plaintiff provides evidence which is significant for the case at hand. Specifically, is shows additional injury sustained by the plaintiff due to actions by the defendants. Plaintiff received a letter from the IRS showing that her identity was stolen. She was denied a request for a copy of the fraudulent tax return and a fraudulent request for a refund which was filed with the IRS by a thief using her Social Security number. US Attorneys are refusing to prosecute identity fraud and theft of Social Security numbers by illegal aliens. Defendants are keeping the US borders open and releasing into general population millions of illegal aliens with just a note for them to appear for a deportation hearing five years from now. Majority of illegal aliens do not show up for these hearings and in order to obtain jobs and social benefits they resort to theft of Social Security numbers of American citizens like the plaintiff herein and similarly situated individuals. A number of high ranking officials in the Social Security administration and IRS are complicit in this scheme of theft of Social Security numbers . Without court action plaintiff cannot obtain any relief.

Aforementioned issues are closely related to the case at hand and granting a leave of court to file an amended complaint serves interest of justice and in the public interest.

### IV. RECENT ARGUMENT IN THE 5TH CIRCUIT IN TEXAS V US INDICATE THAT NOT ONLY THERE IS STANDING TO CHALLENGE ADMINISTRATION IMMIGRATION POLICIES, BUT THIS STANDING AND INJUNCTIONS UPON THIS STANDING ARE EXPECTED TO BE CONFIRMED BY THE 5TH CIRCUIT AND THE SUPREME COURT

Defense in this case, as well as in parallel case of Texas v US 14-cv-254, allege that nobody has standing to challenge immigration policies of the administration. However, recent, April 17, 2015, argument in the 5th Circuit Court of Appeals in *Texas v US* and comments from the panel indicate that this argument is flawed and standing to challenge Obama administration's immigration policies are expected to

be upheld by both the 5th Circuit and the Supreme Court of the United States. Since the hearing was held today and no court transcript is available, Plaintiff provides an excerpt of the summary, by Josh Gerstein, Politico reporter present at the case:

"Judge Jerry Smith, who has drawn headlines for clashing with Justice Department lawyers in other cases, did no bomb throwing Friday. In fact, he took a back seat at the argument, leaving Elrod and Higginson to do most of the verbal sparring with lawyers for both sides.

In his few comments, Smith did seem inclined against the administration, however. He pointed repeatedly to a 2007 Supreme Court ruling in which the justices held, 5-4, that states had standing to sue the EPA over its decision not to regulate greenhouse gases. That decision "may be key" to the outcome of the immigration litigation, the Reagan appointee said.
The states challenging Obama's immigration actions say they have standing because they will incur costs from the millions of deferred action grants the administration is planning, including the costs of issuing drivers licenses to the immigrants accorded "legal presence" under the new policies."
http://www.politico.com/story/2015/04/court-chilly-to-obama-immigration-moves-117104.html#ixzz3XlZBGueo
So, this confirms that the plaintiff in the case at hand is correct in her assertion that the administration can be sued for failure to enforce existing immigration laws and violation of the existing immigration laws, as these violations exposed her to deadly infectious diseases and to identity theft via theft of her Social Security number.

Conclusion
Based on all of the above the motion should be granted.

/s/ Dr. Orly Taitz, ESQ
04.17.2015

Certificate of Service

I, Lila Dubert, attest that I served the defense with attached pleadings on 04.18.2015 by first class mail

_____

Signed Lila Dubert