United States District Court
Southern District of Texas
**ENTERED**
September 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Dr. Orly Taitz, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:14-CV-119 | |
| § | | |
| Jeh Johnson, et al., § | | |
| *Defendants*. § | | |
| _____ § | | |

**ORDER**

Before the Court is Defendants' Second Motion to Dismiss, Or, In the Alternative, Motion for Summary Judgment. [Doc. No. 74]. Pursuant to its review of the motion's merits, the record, and the applicable law, the Court finds that summary judgment is warranted. It hereby grants that motion.

### I.  Background

In a prior order [Doc. No. 69], this Court dismissed, with one exception, all of the claims made by Dr. Orly Taitz in her Amended Complaint Against All Defendants. [Doc. No. 40]. This single exception was her claim requesting equitable relief relating to injuries she allegedly suffers now and injuries she will allegedly suffer in the future caused by the conduct of the Defendants ("Government" or "Defendants"). [*Id*. at 4-6]. These alleged injuries are pulmonary-related injuries Dr. Taitz claims resulted from her exposure to illegal immigrants, specifically illegal immigrant minors, or the relatives who accompany them to her office. Dr. Taitz alleges

she was exposed to contagious diseases in the course of providing these children dental treatment under government programs. [*Id*. at 5-7, 8]. The Government conduct of which Plaintiff complains is that the Government has allegedly transported and continues to transport illegal immigrant minors who are suffering from various diseases, including pulmonary diseases, from Texas to California, without warning anyone (or taking any other appropriate preventive measures) that these immigrants have communicable diseases. [*Id*. at 4-6, 8]. Dr. Taitz claims this conduct exposed her to minors with various pulmonary diseases and that she subsequently contracted one of these diseases. She maintains this conduct will cause her additional injuries in the future. In brief, Dr. Taitz argues that the Government's conduct is making her sick.

## II.     Applicable Law

Summary judgment is proper where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c). Rule 56 requires the court to grant summary judgment "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to survive a summary judgment motion, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim.  *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004).

Further, to maintain a cause at all, a party must show that she has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "For standing, a party must demonstrate the

'triad of injury in fact, causation, and redressability.'" *Aransas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014). Demonstrating "[c]ausation requires [showing] a 'traceable connection' between the plaintiff's injury and the defendant's conduct." *Id.* at 648. Demonstrating causation does not require a showing of actual proximate causation. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 n.6 (2014). It does, however, require that the plaintiff show her "injury is 'fairly traceable' to the defendant's actions." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 360 (5th Cir. 1996); *see also Lexmark*, at 1391 n.6. Finally, to fulfill the redressability requirement, "it must be 'likely,' as opposed to merely 'speculative,' that the injury [complained of by the plaintiff] will be 'redressed by a favorable decision [by the Court in which relief is sought].'" *Lujan*, 504 U.S. at 560-61.

One avenue by which a plaintiff can establish standing is under the Administrative Procedure Act (the "APA"). This is, in fact, the claim that Dr. Taitz has made herein. The APA provides that a "person suffering a legal wrong because of [Government] agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (2012). A plaintiff seeking standing under the APA "must [first] show that [she is] 'adversely affected or aggrieved,' i.e., ha[s] suffered injury in fact." *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 504 (1998) (citations omitted). Secondly, "the plaintiff must establish that the injury [she] complains of . . . falls within the 'zone of interests' sought to be protected by the statutory provision whose violation [by the Government agency] forms the legal basis for [her] complaint." *Id.* (citations omitted). Finally, APA standing, being a form of standing, is subject to the "three elements" "contain[ed]" in the "irreducible constitutional minimum of [any form of] standing." *Lujan*, 504

3

U.S. at 560-61. These three elements are, as noted above: injury in fact, causality, and redressability. *Id*.

### III.    Discussion

The Government claims that it should prevail for two reasons. First, it claims that it has the unfettered right to put illegal immigrants, even those with extremely dangerous infectious diseases, anywhere, at any time, and that no one has standing to question its actions. Secondly, it claims that Dr. Taitz has not shown that its actions caused her any harm and/or she has not shown that its actions, if halted, would result in redress of Dr. Taitz's injuries.

Dr. Taitz claims that the Defendants are needlessly exposing innocent individuals to communicable diseases. These claims are not without a factual basis. Dr. Taitz has brought forth evidence supporting her claim that she has suffered some form of pulmonary-related health problem. Further, she has referred this Court to evidence that in at least one instance the Government has exposed individuals in Indiana to persons with infectious tuberculosis. *State of Indiana Refugee Health Program Annual Report*, Ind. State Dep't of Health, http://www.in.gov/isdh/files/State_of_Indiana_Refugee_Health_Program_Annual_Report_2015.pdf (last visited June 7, 2016).

Moreover, the Government has taken the position that it can place sick immigrants anywhere in the country without taking any precautions and that no person or entity except Congress can stop it. It argues it can do this regardless of the consequences to the individuals living here in the United States. For example, in response to a hypothetical question in a hearing before this Court, Defendants agreed that it was their position that they could settle immigrants

suffering from the deadly Ebola virus next door to the mayor of this community without warning and without taking any other measures to prevent the mayor and his family and neighbors from contracting the disease when they dropped by to welcome the immigrants to the neighborhood. [Doc. No. 88 at 16-19]. The Government stated not only that it could unilaterally expose this community to danger, but also that its right to do so was unfettered and that no one except Congress had the right to question its actions. [*Id*.]. These statements echo the Government's pleadings in the instant case. In its Motion to Dismiss [Doc. No. 42], the Government wrote that "this Court may not . . . enjoin decisions related to transportation of aliens, or otherwise enjoin the myriad processes of inspection, detention, release and removal implicated in this case." [*Id*. at 21]. In its Motion for Summary Judgment, the Government claimed that Dr. Taitz "c[ould] not ask this Court . . . to set aside the detention or release of any aliens . . . ," regardless of the dangers imposed. [Doc. No. 74 at 20].

     Dr. Taitz is greatly troubled by this position and by the callousness displayed by the Government in this regard. She has suggested that it is the job of the Department of Homeland Security (the "DHS") to keep the individuals in this country safe and secure, not to expose them to contagious diseases. The DHS, however, has taken the position that it has the unquestioned right to endanger the residents of this country if it is so chooses. The DHS claims that the only avenue of relief a citizen might have is "the right to redress Congress for their grievances." [*Id*. at 19].

     While this Court understands the reason for Dr. Taitz's concern, a response to a motion for summary judgment requires the non-movant to come forward with specific facts to raise an issue of material fact on all applicable elements of the claim. In order to prevail on the motion for summary judgment, Dr. Taitz, as the non-movant, must raise an issue of material fact as to

whether the Government's conduct she complains of caused her physical injuries. As a corollary, she must also show that the equitable relief she requests from this Court—"a quarantine of individuals who illegally cross[] the border" pending medical examination and medical release [Doc. No. 40]—would keep her from suffering the physical injuries of which she complains. Dr. Taitz has provided evidence that raises a fact issue as to the allegation that she may have suffered health-related injuries. She has not, however, provided evidence showing that any of the illegal immigrant minors for whom she provided dental care were: (1) in Government custody during the relevant period, (2) transported by the Government to California, or (3) infected with any communicable diseases. She also has not produced evidence to raise a fact issue as to whether the injuries she suffered were caused by exposure to the allegedly ill children or to their relatives who accompanied them to her office. This is so despite the fact that this Court has given her ample time and even ordered the Government to cooperate with her in discovery efforts.

The Government's conduct about which Dr. Taitz complains is its transporting ill, illegal immigrant minors from Texas to California. Dr. Taitz must establish a causal connection between the transportation of the immigrants and her injuries, which means at this stage she must provide evidence raising a fact issue that Defendants transported one of her patients, who was ill, to California, who then exposed her to a disease, which Dr. Taitz contracted. A previous order from this Court described this exercise as an "attempt to connect the dots." [Doc. No. 69 at 31]. It could also be termed "demonstrating causality." As noted, this Court ordered Defendants to provide Plaintiff with the information, if any existed, that she needed to try to connect the dots. [Doc. No. 70 at 1-2]. No summary judgment evidence has been provided to this Court which raises a fact issue as to whether any of Dr. Taitz's patients were in Government custody, were transported by the Government to California, were sick at the time, and, most importantly, that

their illness exposed Dr. Taitz to the illness she herself contracted. It is Dr. Taitz's burden, under *Celotex*, to provide evidence which raises an issue of material fact related to these elements. Finally, while it is true that an injunction forcing the Government to quarantine sick individuals who cross the border illegally would prevent their being transported while ill from Texas to California, there is no evidence that such an order would address the injuries Plaintiff alleges, since she has not factually connected her injury to the Government's act of transporting illegal immigrants from the Texas border.

### IV.    Conclusion

To survive a summary judgment motion, Dr. Taitz must demonstrate that she has evidence in support of each essential element of her claim.  Stated differently, she cannot prevail on her claim without a showing of this evidence, and Plaintiff has failed to make a showing of any evidence demonstrating a causal link between Defendants' conduct and her injury. *Celotex* places the burden on the non-movant to, among other things, raise a material fact issue as to this causal link. Dr. Taitz has not satisfied her burden under *Celotex* to raise a fact issue concerning an essential element of her claim: that her alleged health-related injury is "traceable" or "fairly traceable" (the causation requirements stated in *Aransas Project* and *Friends of the Earth*) to the Government's conduct. Dr. Taitz has not, as required by *Johnson*, identified evidence in the record connecting the Government's conduct to her alleged injuries. Dr. Taitz has provided no evidence demonstrating a causal link or connection between the Government actions which she criticizes and her injury; consequently she has not carried her burden to demonstrate an issue of material fact. Stated differently, Dr. Taitz has not shown, as required by *Lujan* and *Aransas*

*Project*, that the equitable relief she requests from this Court—equitable relief ordering the Government to quarantine persons who cross illegally at the border pending examination for infectious diseases and their medical clearance—would redress her injury.

This Court understands Dr. Taitz's concerns, especially given the argument the Government made in this case—that the DHS could without warning and without taking appropriate precautions expose its own residents to dangerous conditions and that the residents of the United States would have no right to legal redress. Nevertheless, concerns, regardless of how justified they may be, do not equate to proof. Without ruling on the Government's claim that it has unfettered power to endanger its own residents, the Court finds that it is correct that Dr. Taitz has failed to provide competent summary judgment evidence to maintain the claims herein.

The Court hereby grants the Defendants' motion for summary judgment [Doc. No. 74].

Signed this _9th____ day of September, 2016.

_____
Andrew S. Hanen
United States District Judge